IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ROBERT WILLIAM SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-085 |
| | ) | |
| DEPUTY WARDEN VERONICA STEWART and DR INVESTIGATOR LT. BRANCH, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Telfair State Prison in Helena, Georgia, is proceeding *pro se* and brought this case pursuant to 42 U.S.C. § 1983. Plaintiff filed a one-page motion for summary judgment, dated May 27, 2025, requesting for the Court "to move forth with summary judgment in these proceedings." (Doc. no. 39.) Plaintiff asks the Court to "take in all evidence so far presented" to grant him relief. (Id.) Defendants oppose this motion, arguing it should be denied because it is premature and does not comply with Local Rule 56.1. (See doc. no. 43.)

The Court agrees with Defendants. First, Plaintiff's motion should be denied because he failed to comply with Local Rule 56.1. Local Rule 56.1 provides:

> Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, in addition to the brief, there shall be annexed to the motion a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute to be tried as well as any conclusions of law thereof. Each statement of material fact shall be supported by a citation to the record. All material facts set forth in the statement required

to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party. Response to a motion for summary judgment shall be made within twenty-one (21) days of service of the motion. See LR 7.5.

As Defendant correctly notes, (doc. no. 43, p. 3), Plaintiff's motion is not accompanied by a statement of material facts as Local Rule 56.1 requires, (see doc. no. 39). Local Rule 56.1 is no empty formality. Such a statement, when combined with the non-movant's response, narrows the issues in dispute and provides the Court with record cites to determine the precise nature of those disputes. Accordingly, the Court recommends denial of Plaintiff's summary judgment motion based on this procedural defect alone. See Gray v. Mayberry, No. CV 318-045, 2021 WL 1085307, at *2 (S.D. Ga. Feb. 22, 2021) (recommending denial of motion for summary judgment for failure to submit statement of material facts in accordance with local rules), *adopted by* 2021 WL 1083181 (S.D. Ga. Mar. 18, 2021); Bradley v. Branch Banking & Tr. Co., No. 3:15-CV-012, 2015 WL 11422296, at *8 (N.D. Ga. July 30, 2015), *adopted by* 2015 WL 11455759 (N.D. Ga. Aug. 24, 2015) (same); see also Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[1] (holding failure to comply with Local Rules may result in summary denial of motion).

Even if Plaintiff's motion was not due to be denied on this basis, it should be denied because it is premature. In the Eleventh Circuit, it is well-established that "the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, Ga., 120 F.3d 248, 253 (11th Cir. 1997). Here, discovery had not begun when Plaintiff filed his motion for summary judgment. Although Defendants had been served when Plaintiff filed his motion,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

(doc. nos. 29, 30), Defendants had not answered or otherwise responded to Plaintiff's complaint, (see doc. no. 33). Moreover, Plaintiff's motion preceded the issuance of a scheduling notice, and thus no discovery deadlines had yet been set. Indeed, the scheduling notice was issued on July 7, 2025, which is over a month after Plaintiff executed his motion for summary judgment. (Doc. no. 42.)

Accordingly, because the parties had not yet had the opportunity to engage in any discovery when Plaintiff filed the motion, it is premature. See Silva v. TAS Rts. Mgmt., LLC, No. 3:18-CV-688-J-34JRK, 2018 WL 8187089, at *1 (M.D. Fla. Aug. 2, 2018) (denying summary judgment motion as premature where the motion "precede[d] not only Defendant's response to the Amended Complaint, but also the exchange of any discovery between the parties" (emphasis in original)); AIX Specialty Ins. Co. v. Everett, No. 8:19-CV-2533-T-36AAS, 2020 WL 1904024, at *2 (M.D. Fla. Apr. 17, 2020) (denying summary judgment motion as premature and reasoning "[t]here has not been an opportunity for the parties to engage in *any* discovery in this action, much less adequate discovery, because [defendant] was only recently served and the Court has not set a schedule for discovery under a case management and scheduling order" (emphasis in original)).

Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **DENIED** without prejudice. (Doc. no. 39.)

SO REPORTED AND RECOMMENDED this 18th day of July, 2025, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA