IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ROBERT WILLIAM SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-085 |
| | ) | |
| DEPUTY WARDEN VERONICA | ) | |
| STEWART and DR INVESTIGATOR LT. | ) | |
| BRANCH, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

On March 20, 2026, Defendants filed a motion for summary judgment, (doc. no. 59), and a response opposing Plaintiff's motion for summary judgment, (doc. no. 60). The attached Certificates of Service state Defendants served the motion and response on Plaintiff at Telfair State Prison. (Doc. no. 59, p. 3; doc. no. 60, p. 6.) On March 23, 2026, the Clerk's Office issued a notice to Plaintiff regarding Defendants' motion for summary judgment. (Doc. no. 61.) That same day, the Court ordered Defendants to file a declaration properly signed by Tonja Keith because the original declaration, attached as an exhibit to their motion for summary judgment, was unsigned. (Doc. no. 62.) Defendants complied on March 25, 2026. (Doc. no. 63.) These filings were also served on Plaintiff at Telfair State Prison.

However, on March 30, 2026, the Court received a notice of change of address from Plaintiff, dated March 20, 2026, in which he states he was transferred to Hancock State Prison in Sparta, Georgia. (Doc. no. 64.) To date, it is unclear whether Plaintiff has received any

filings dated March 20th or later.  (Doc. nos. 59-63.)

Thus, in an abundance of caution, the Court **DIRECTS** defense counsel to re-serve (1) Defendants' motion for summary judgment and all accompanying exhibits, [1] and (2) Defendants' response opposing Plaintiff's motion for summary judgment, by April 7, 2026, and to file a certification for the record when he has done so.  (Doc. nos. 59, 60.)  The Court also **DIRECTS** the Clerk of Court to re-serve the March 23rd notice, (doc. no. 61), and the Court's March 23rd Order, (doc. no. 62), on Plaintiff at his current address.  The Court further **EXTENDS** Plaintiff's deadline for responding to Defendants' motion for summary judgment. Plaintiff shall have through and including May 1, 2026, to file any response.

To make sure Plaintiff fully understands the ramifications of Defendants' motion for summary judgment should he not file a response, the Court will now reiterate to Plaintiff the consequences of a motion for summary judgment.[2]

Once a motion for summary judgment is filed, the opponent should be afforded a reasonable opportunity to counter the affidavits of the movant.  Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).  The reasonable opportunity encompasses not only time to respond, but notice and an explanation of rights that may be lost if a response is not filed.  Id.

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party seeking summary judgment always bears the initial responsibility

---

[1] Defendants shall only serve Plaintiff with the corrected declaration properly signed by Defendant Tonja Keith.  (Doc. no. 63.)  There is no need to serve the unsigned one.

[2] Plaintiff was first informed of the consequences of a summary judgment motion in the Court's March 21, 2025 Order.  (Doc. no. 15, pp. 7-8.)

of informing the court of the basis for its motion, and demonstrating that there is an absence of any dispute as to a material fact.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Also the moving party may be granted summary judgment if they show the Court that there is an absence of evidence to support the non-moving party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  If the moving party makes this showing, then they are entitled to a judgment as a matter of law because the non-moving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. Id.

This Court in ruling on a summary judgment motion must determine whether under the governing law there can be but one reasonable conclusion as to the verdict.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  Moreover, a mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to defeat a summary judgment motion; there must be evidence on which the jury could reasonably find for Plaintiff.  See id. at 252.  All reasonable doubts, however, must be resolved in favor of the party opposing summary judgment.  Casey Enters., Inc. v. Am. Hardware Mutual Ins. Co., 655 F.2d 598, 602 (5th Cir. Unit B Sept. 1981).[3]  When, however, the moving party's motion for summary judgment has pierced the pleadings of the opposing party, the burden then shifts to the opposing party to show that a genuine issue of fact exists.  This burden cannot be carried by reliance on the conclusory allegations contained within the complaint.  Morris v. Ross, 663 F.2d 1032, 1033 (11th Cir. 1981).

---

[3] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Should Plaintiff not express opposition to Defendants' motion, the consequences are these: Any factual assertions made in the affidavits of the party moving for summary judgment will be deemed admitted by this Court pursuant to Loc. R. 7.5 and Fed. R. Civ. P. 56 unless Plaintiff contradicts the movant's assertions through submission of his own affidavits or other documentary evidence, and the motion for summary judgment will be granted on the grounds that said motion is unopposed.  See Loc. R. 7.5.

Accordingly, the Court **ORDERS** Plaintiff to file any opposition to Defendants' motion for summary judgment, with appropriate supporting affidavits, or to inform the Court of his decision not to object to Defendants' motion by May 1, 2026.  To ensure that Plaintiff's response is made with fair notice of the requirements of the summary judgment rule, the Court **INSTRUCTS** the **CLERK** to attach a copy of Fed. R. Civ. P. 56 to the copy of this Order that is served on Plaintiff.

SO ORDERED this 31st day of March, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA